UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WILLIAM CABAN, Jr.

                     Plaintiff,         COMPLAINT
                                                                12 CV 3783 (HB)

          - against -

THE CITY OF NEW YORK, VLADIMIR RAVITCH
and JOHN DOE, the name being presently
unknown and fictitious, employees of the New
York City Police Department,

                                                                 Jury Trial Demanded
                   Defendants.

------------------------------------------------------------------x

      William Caban, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

## Nature of the Action

    1.    This civil rights action arises from defendants' August 25, 2010 arrest and prosecution of William Caban, Jr. on the false claim that he criminally trespassed at 630 Stanley Avenue, Brooklyn, New York, New York, a building which is part of a New York City Housing Authority development known as the Linden Houses. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff also requests that this Court exercise pendent jurisdiction over his claims under the Constitution of the State of New York arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.  Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

### Parties

4.  Plaintiff William Caban, Jr. is a citizen of the United States of America residing in the State and City of New York, County of Kings. He is Hispanic of Puerto Rican heritage, twenty years of age, and has lived for more than ten years at 640 Stanley Avenue, part of the Linden Houses, with his mother and sister. Other than the incidents underlying this lawsuit, Mr. Caban has not been arrested.

5.  Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.  Defendants Vladimir Ravitch, Shield 14673, and John Doe (a male Caucasian approximately five foot seven inches in height and with a medium build who appeared to be defendant Ravitch's partner on August 25, 2010) (together the "individual defendants"), were at all times relevant duly appointed and acting police officers acting within the scope of their employment by defendant City of New York's Police Department and assigned, upon information and belief, to the Housing Bureau's Police Service Area 2 in Brooklyn, New York.

7.  The individual defendants are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully

report the unlawful conduct to which Mr. Caban was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

8.      At all times relevant, the individual defendants were acting under color of state law.

Facts Underlying
Plaintiff's Claims for Relief

9.      On or about August 25, 2010 at and around 8:00 p.m., defendants Ravitch and his partner, John Doe, accosted and then unlawfully detained and arrested William Caban on the false claim of criminally trespassing in 630 Stanley Avenue, a building next to plaintiff's home at 640 Stanley Avenue; both buildings are in the New York City Housing Authority development known as the Linden Houses./[1]

10.     Plaintiff was not involved in illegal activity and the individual defendants had no lawful justification to stop, question, and arrest Mr. Caban.

11.     Mr. Caban and a friend, Caleb Polanco, had been visiting with Mr. Polanco's godfather, who lives at 630 Stanley Avenue, Apartment 3D.

12.     Mr.'s Caban and Polanco left the building to go to a nearby McDonald's on Peninsula Avenue when they were approached by the individual defendants.

13.     The individual defendants refused to investigate plaintiff's truthful and easily verifiable claim that he was lawfully visiting with a lawful resident of

---

1.  The Linden Houses consist of nineteen residential buildings with approximately sixteen hundred apartments and three thousand residents.  It is bounded by Vermont Street and Stanley, Schenck and Cozine Avenues.

630 Stanley Avenue.  The individual defendants instead arrested both plaintiff and Polanco.

14. Defendant Ravitch handcuffed plaintiff purposefully tightly and Mr. Caban complained to Ravitch.

15. Plaintiff was taken in handcuffs to the P.S.A. 2 Stationhouse where he was imprisoned until Mr. Caban was eventually taken to Brooklyn Central Booking.

16. Defendant Ravitch and others prepared or allowed to be prepared false police reports accusing William Caban of crimes.

17. While Caban was awaiting arraignment, defendant Ravitch made or caused or allowed others to make false statements to the Kings County District Attorney's Office supporting prosecution.

18. Defendant Ravitch's misrepresentations caused plaintiff to be prosecuted under Kings County Docket 2010KN068155 on false charges of Trespass in the Second Degree (P.L. §140.15[1], a misdemeanor punishable up to one year in jail), Criminal Trespass in the Third Degree (P.L. §140.10[e], a B misdemeanor punishable by up to three months in jail) and Trespass (P.L. §140.05, a violation).

19. Mr. Caban was arraigned, released, and required, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court to defend against the baseless charges until, on October 28, 2010, the prosecution was dismissed in the interests of justice and in a manner not inconsistent with plaintiff's innocence.

20.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Caban.

21.     Defendants' acts and omissions caused Mr. Caban to suffer physical injury to his right wrist and arm, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  In addition to suffering the indignities and physical discomforts and privations of the arrest-to-arraignment process, plaintiff still has pain in and a disability to his right wrist and elbow.

22.     The individual defendants, at all times relevant, and in stopping, arresting, and imprisoning plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

PLAINTIFF'S FEDERAL CLAIMS
AGAINST THE INDIVIDUAL DEFENDANTS

23.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

24.     The conduct of the individual defendants as described herein amounted to unlawful seizure and malicious prosecution in violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and deprived Mr. Caban of his rights to be free and secure in his person, to be free from arrest or search except on probable cause or pursuant to

warrant and to be free from deprivation of liberty caused by prosecution without probable cause and with actual malice.

    25.    As a consequence thereof, William Caban has been injured.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE CITY OF NEW YORK

26.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

27.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual defendants herein.

28.     Defendant City's enforcement of criminal trespass laws in and around New York City Housing Authority-owned properties without adequate training, supervision, monitoring or control has resulted in a de facto policy, pattern and practice of illegal stops, seizures, arrests and prosecutions, including the stop, seizure, arrest, and prosecution of William Caban.

29.     The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that police officers employed in the Housing Bureau, including officers involved in the present case, routinely and pursuant to City policy and practice conduct unlawful stops, arrests, and prosecutions based on purported enforcement of the criminal trespass laws.

30.     The NYPD's policy, pattern and practice amounts to a roving pedestrian checkpoint wherein NYPD officers stop, seize, question, and arrest individuals such as William Caban without individualized objective facts supporting trespass claims.

31.     The City has failed to supervise and discipline NYPD officers who unlawfully stop, question, seize, search, arrest and prosecute individuals for trespass.  On information and belief, the City does not monitor criminal trespass arrests and prosecutions for improper stops, seizures, and arrests and has not instituted any monitoring or follow up procedure for disciplinary action when charges are dismissed or where it is otherwise established that an individual such as William Caban was arrested without probable cause.

32.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

33.     As a consequence thereof, William Caban has been injured.

### PLAINTIFF'S NEW YORK STATE CONSTITUTIONAL CLAIMS AGAINST THE DEFENDANTS

34.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

35.     The conduct described herein amounted to unlawful seizure and malicious prosecution in violation of William Caban's rights under the Constitution of the State of New York to be free and secure in his person, to be free from arrest or search except on probable cause or pursuant to warrant and to be free from prosecution without probable cause and with actual malice.

36.     As a consequence thereof, William Caban has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

- (A) that Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated;
- (B) that Plaintiff's rights under Article One Section Twelve of the Constitution of the State of New York were violated;
- (C) Compensatory damages in an amount to be fixed at trial;
- (D) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants Ravitch and Doe in an amount to be fixed at trial;
- (E) An award to plaintiff of the costs and disbursements herein;
- (F) An award of attorney's fees under 42 U.S.C. §1988; and
- (G) Such other and further relief as this Court may deem just and proper.

Dated: May 11, 2012
Brooklyn, New York

_____
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117